STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: CUMSC-CV-2016-_____

| | | |
|---|---|---|
| JEFFREY BEANEY, of Scarborough, County of Cumberland and State of Maine, | ) ) ) | |
| *Plaintiff* | ) ) | |
| v. | ) ) | |
| UNIVERSITY OF MAINE SYSTEM, | ) ) | **AMENDED COMPLAINT** |
| JAMES H. PAGE of Old Town, County of Penobscot and State of Maine, | ) ) ) | |
| and | ) ) | |
| DAVID T. FLANAGAN of Manchester, County of Kennebec and State of Maine, | ) ) ) | |
| *Defendants* | ) | |

NOW COMES Plaintiff, Jeffrey Beaney, by and through his counsel, and for his Complaint against Defendants, University of Maine System, James H. Page and David T. Flanagan, states as follows:

## GENERAL ALLEGATIONS

1.      Plaintiff is, and at relevant times was, a resident of the Town of Scarborough, County of Cumberland and State of Maine.

2.      Defendant University of Maine System is a Maine public entity with operations throughout the State of Maine, including operations in the County of Cumberland.

3.      Defendant James H. Page is a resident of Old Town, County of Penobscot and State of Maine, and is the Chancellor of the University of Maine System.

4.      Defendant David T. Flanagan is a resident of Manchester, County of Kennebec and State of Maine, and at all relevant times was the President of the University of Southern Maine, a constituent of the University of Maine System.

5.      At all relevant times, Defendants operated as an integrated enterprise. Upon information and belief, Defendants have common "ownership" and management; they exercise centralized control of labor relations; and their operations are interrelated.

6.      Plaintiff was employed by Defendants from 1985 until his employment was unlawfully terminated on or about January 2, 2015.

7.      Beginning in 2004, and continuing through January 2, 2015, Plaintiff worked for Defendants as a full-time hockey coach/lecturer.

8.      During the time Plaintiff was employed by Defendants as a full-time coach, the performance of the men's ice hockey team matched or exceeded that of the hockey teams under prior coaches.

9.      The terms and circumstances of Plaintiff's employment were such that he had a protected property interest and/or a liberty interest in his continued employment at all relevant times.

10.     In or about November 2014, agents of Defendants represented to Plaintiff that they had received an anonymous letter that purportedly contained accusations of

2

inappropriate behavior by members of the men's ice hockey coaching staff, constituting

violations of Defendants' sexual harassment policies and/or other misconduct policies.

4.      Defendants' agents further represented to Plaintiff that, even though the

alleged anonymous letter failed to name any individual coach or coaches, they had

either already substantiated from an independent investigation or expected the

independent investigation to imminently establish, that he was personally guilty of the

accusations set forth in the anonymous letter.

12.     Any allegations that Plaintiff has been or was engaging in, facilitating, or

allowing any inappropriate behavior with respect to the men's hockey team was

entirely false.

5.      On or about December 14, 2014, Defendants' agents represented to

Plaintiff that his employment might be terminated for cause on the basis of the alleged

accusations and that, in such event, he would lose health, retirement and other benefits,

including a tuition waiver for his son, and would suffer public humiliation.

14.     Defendants' agents further suggested at that time that Plaintiff could

avoid an official discharge and the attendant loss of benefits and humiliation and could

stop Defendants' investigations by "retiring."

15.     Knowing that he had not engaged in any inappropriate behavior, Plaintiff

initially refused to retire, trusting that Defendants would properly investigate the

alleged accusations and correctly determine that they were false.

6.     On or about December 29, 2014, Defendant Flanagan declared that Plaintiff's employment would be terminated immediately unless he elected to "retire" instead.

17.     Even though the alleged accusations against Plaintiff were utterly false, Defendants forced Plaintiff to accept early "retirement" in order to protect the immediate financial well-being of his family.

18.     To further induce Plaintiff to accept "early retirement," Defendants' agents falsely represented the nature of the benefits he would receive as a result of such "retirement."

193     After Defendants forced Plaintiff to "retire," they denied him the early retirement benefits he was assured he would receive.

70.     After Defendants forced Plaintiff to "retire," he received notice that independent investigations had ultimately concluded that there was no basis for any of the purported accusations contained in the alleged letter.

81.     After being forced to "retire," Defendants' agents attempted to coerce Plaintiff to sign a release of his claims against Defendants in exchange for representations by Defendants that they would not revoke a tuition waiver previously granted to his son by Defendants.

92.     Plaintiff refused to sign such a release, and, upon information and belief, Defendants have revoked the tuition waiver for his son.

## COUNT I

23.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 22 of the Complaint with the same force and effect as if fully set forth herein.

10.     Plaintiff was entitled to due process protections, including without limitation notice of the specific charges against him, an explanation of the evidence, an opportunity to respond, and a "due process meeting," prior to the termination of his employment pursuant to the due process clauses of both the Maine and United States Constitutions.

11.     Defendants deliberately deprived Plaintiff of his due process rights by inducing his "retirement" through a combination of coercion and false representations as outlined above.

26.     Defendants, acting under color of state law, subjected Plaintiff, or caused him to be subjected, to the deprivation of his constitutional rights.

27.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damage and injury, including but not limited to lost wages, lost benefits, lost earning capacity, loss of enjoyment of life, injury to reputation, injury to career, severe emotional distress, and other pecuniary and nonpecuniary losses.

WHEREFORE, Plaintiff, Jeffrey Beaney, demands judgment against Defendants, jointly and severally, for damages in such amounts as are reasonable in the premises,

pursuant to 42 U.S.C. § 1983, together with interest and Plaintiff's costs incurred in bringing this action, including attorneys' fees; and such other and further relief as the Court deems just and proper.

## COUNT II

12.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 27 of the Complaint with the same force and effect as if fully set forth herein.

29.     Defendants have published false statements intending to harm Plaintiff's reputation and deter third persons from associating or dealing with him.

130.     Without limiting the generality of the foregoing, beginning in or about December 2014, Defendants published and forced Plaintiff to publish false statements defaming his occupational and professional fitness, including statements indicating that he was guilty of engaging in, facilitating and/or condoning sexual harassment and/or similar misconduct while acting as a university hockey coach.

14.     Said statements were made intentionally, with knowledge of their falsity, and with malice.

15.     As a result of said defamation, Plaintiff has been and will be damaged, in such amounts as will be shown at trial.

WHEREFORE, Plaintiff, Jeffrey Beaney, demands judgment against Defendants, jointly and severally, in such amounts as will be shown at trial, including but not

limited to punitive damages, together with interest and costs, and for such other and

further relief as the Court deems just and proper.

## COUNT III

16.    Plaintiff repeats and realleges the allegations set forth in Paragraphs 1

through 32 of the Complaint with the same force and effect as if fully set forth herein.

17.    In November and December 2014, Defendants, acting through their

agents, made representations of a material nature to Plaintiff, including without

limitation, the representations set forth in Paragraphs 11, 12, 14, 15, and 19 hereinabove.

18.    Said representations were false.

19.    Said representations were made with knowledge of their falsity and with

the intent that they be relied upon and acted upon by Plaintiff and for the purpose of

inducing such reliance or action by Plaintiff.

20.    Plaintiff acted in justifiable reliance upon said misrepresentations in

acquiescing to Defendants' ultimatum that he "retire."

21.    Said misrepresentations were made with actual or implied malice.

39.    As a direct and proximate result of said fraudulent misrepresentations,

Plaintiff has suffered and will suffer injury and damage as aforesaid.

WHEREFORE, Plaintiff, Jeffrey Beaney, demands judgment against Defendants,

jointly and severally, in such amounts as will be shown at trial, including but not

limited to punitive damages, together with interest and costs, and for such other and further relief as the Court deems just and proper.

## COUNT IV

40.   Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 39 of the Complaint with the same force and effect as if fully set forth herein.

22.   Said misrepresentations were negligently made, in that Defendants failed to use reasonable care or competence in obtaining and communicating information concerning the aforesaid alleged letter and alleged investigation.

23.   As a direct and proximate result of said negligence, Plaintiff has been and will be damaged as aforesaid.

WHEREFORE, Plaintiff, Jeffrey Beaney, demands judgment against Defendants, jointly and severally, in such amounts as will be shown at trial, together with interest and costs, and for such other and further relief as the Court deems just and proper.

## COUNT V

24.   Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 42 of the Complaint with the same force and effect as if fully set forth herein.

254.   Defendants intentionally or recklessly inflicted severe emotional distress upon Plaintiff and/or it was certain or substantially certain that such distress would result from their conduct.

8

26.     Defendants' actions were so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

27.     Defendants' actions directly caused Plaintiff to suffer emotional distress so severe that no reasonable person could be expected to endure it.

287.     Defendants acted with actual or implied malice.

WHEREFORE, Plaintiff, Jeffrey Beaney, demands judgment against Defendants, jointly and severally, in such amounts as will be shown at trial, including but not limited to punitive damages, together with interest and costs, and for such other and further relief as the Court deems just and proper.

DATED at Portland, Maine this 5th day of October, 2016.

Edward S. MacColl, Esq. *(MBN 2658)*
Attorney for Plaintiff, Jeffrey Beaney

THOMPSON MACCOLL & BASS, LLC, PA
120 Exchange St., PO Box 447
Portland ME  04112-0447
(207) 774-7600